IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

INGRID TEEL,                          *

     Plaintiff,                   *

vs.                                   *
                                    CASE NO. 4:10-CV-114 (CDL)

WAL-MART STORES EAST LP,              *

     Defendant.                   *

O R D E R

Defendant seeks dismissal of Plaintiff's Complaint, contending that it is barred by the statute of limitations. Plaintiff acknowledges that she did not serve Defendant until after the statute of limitations expired. She maintains, however, that she was reasonably diligent in obtaining service, and therefore, service should relate back to the filing of her Complaint, which occurred prior to the expiration of the statute of limitations. Finding that Plaintiff exercised reasonable diligence in effecting service, the Court denies Defendant's Motion to Dismiss (ECF No. 2).

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges that Defendant negligently failed to maintain its premises, and as a result, Plaintiff slipped and fell in Defendant's parking lot on July 24, 2008. Notice of Removal Attach. 2, State Court File 9-10, Compl. ¶¶ 5-6, 13-15 (ECF No. 1-2) [hereinafter Compl.]. The statute of limitations for personal injuries is two years under Georgia law. O.C.G.A. § 9-3-33. Plaintiff filed her Complaint

on July 23, 2010, in the State Court of Muscogee County, Georgia. *See* Compl. 1. Defendant was served with process on August 18, 2010. Def.'s Mot. to Dismiss 1, ECF No. 2; Def.'s Mot. to Dismiss Ex. A, Service of Process Transmittal, ECF No. 2; Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss 3, ECF No. 6 [hereinafter Pl.'s Mem.]. Defendant subsequently removed the action to this Court. *See* Notice of Removal, ECF No. 1.

Plaintiff filed her Complaint before the statute of limitations expired, but she did not accomplish service until after the statute of limitations expired, so she must establish that she was reasonably diligent in effecting service. *E.g., Mann v. Atlanta Cas. Co.*, 215 Ga. App. 747, 749, 452 S.E.2d 130, 132 (1994). According to the affidavit of Plaintiff's counsel, he did the following to secure service of the Complaint on the Defendant. Plaintiff's counsel filed the action late on Friday afternoon, July 23, 2010. Pl.'s Mem. Ex. A, Breedlove Aff. ¶ 5, ECF No. 6 [hereinafter Breedlove Aff.]. On July 26, 2010, the following Monday, Plaintiff's counsel hired an agency that employs private process servers to serve the Summons and Complaint on Defendant's registered agent. *Id.* ¶ 6. A process server picked up the Summons and the Complaint on July 29, 2010. *Id.* Based on his experience, Plaintiff's counsel believed the agency he engaged to serve the Complaint would employ a process server who was already appointed in Muscogee County, where this lawsuit was filed. *Id.* ¶ 7. After the process server picked up the Summons and Complaint, however, the agency

2

notified Plaintiff's counsel that proper service required an order from the state court appointing a special process server. *Id.* On August 6, 2010, Plaintiff's counsel mailed a motion for appointment of a special process server to the state court clerk's office. *Id.* ¶ 8. The motion was file-stamped by the clerk's office on August 13, 2010. *Id.* ¶ 9. The state court executed an order on August 12, 2010, granting the motion, and the order was file-stamped on August 13, 2010. *Id.* ¶ 10. Plaintiff's counsel received a copy of the order in the mail on August 17, 2010. *Id.* ¶ 11. Plaintiff's counsel re-engaged the agency and served Defendant on August 18, 2010. *Id.*

Plaintiff's counsel argues that although there was a delay of twenty-six days between the filing of the Complaint and service on Defendant, he acted diligently in obtaining service. Pl.'s Mem. 1, 4. Defendant responds that counsel's initial failure to ascertain the need for the special process server and counsel's subsequent nonchalant reliance upon the U.S. mail to obtain the order for appointment of the process server demonstrate a lack of diligence, and that Plaintiff's Complaint should be dismissed for laches. Def.'s Supplemental Br. in Supp. of Mot. to Dismiss 4-6, ECF No. 8.

DISCUSSION

In this diversity action, the Court applies Georgia law to determine whether Plaintiff's late service relates back to the date of original filing of the Complaint for the purpose of tolling the statute

of limitations. *See Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1233 (11th Cir. 1983) ("By holding that service of process does not relate back to toll the statute of limitations unless the plaintiff has acted diligently, the Georgia courts have interpreted their commencement statute and service of process statute as integral parts of the state statute of limitations. Thus, this Court finds that Georgia law determines whether plaintiffs are barred by the statute of limitations." (footnotes omitted)). Under Georgia law, "[t]he mere filing of a complaint does not commence suit unless timely service is perfected as required by law." *Montague v. Godfrey*, 289 Ga. App. 552, 554, 657 S.E.2d 630, 634 (2008) (internal quotation marks omitted).

> Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitations period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if he is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation.

*Mann*, 215 Ga. App. at 749, 452 S.E.2d at 132 (internal quotation marks omitted). It is the plaintiff's burden to show that due diligence was exercised. *Id.* Generally, the determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the statute of limitations has run is a matter within the trial court's discretion.[1] *Id.*

---

[1] These types of cases pose an interesting procedural issue. Most of these cases, including the present one, present the laches issue to the courts through a motion to dismiss. When the motion to dismiss is made, it is based upon the pleadings, which demonstrate the date that the complaint was filed

The Court finds that Plaintiff exercised reasonable diligence in serving Defendant with her Complaint. Although Plaintiff's counsel could have been more diligent, the Court finds that the twenty-six day delay and the cause of it are not sufficiently egregious to warrant dismissal of Plaintiff's Complaint with prejudice. Upon learning that

---

and the date that service was accomplished. Therefore, generally it can be established that service occurred beyond the expiration of the statute of limitations without going outside the pleadings and the return of service. After a defendant makes this showing, the burden shifts to Plaintiff to demonstrate that he acted with due diligence notwithstanding the fact that service was accomplished after the expiration of the statute of limitations. *See Sanders v. Trinity Universal Ins. Co.*, 285 Ga. App. 705, 706, 647 S.E.2d 388, 391 (2007) ("When personal service occurs after the expiration of the statute of limitation, the plaintiff has the burden of showing due diligence so that the service relates back to the filing of the complaint."). Typically (and according to this Court's research almost always), the Plaintiff generally attempts to establish his diligence by producing evidence that is outside of the pleadings, usually in the form of affidavits demonstrating the extent of his efforts to serve the complaint. Thus, the question arises whether a court, because it is relying upon evidence outside the pleadings, should convert the motion to dismiss to a motion for summary judgment. Some trial courts have done so. *See Mann,* 215 Ga. App. at 748, 452 S.E.2d at 131 (noting that trial court converted motion to dismiss to summary judgment motion but rendering no decision on the propriety of that act). Most courts, however, appear to continue to treat the motion as a motion to dismiss. This treatment is significant and could be dispositive. If the motion is treated as one for summary judgment, the standard is whether the plaintiff has produced sufficient evidence to create a genuine dispute of material fact as to his diligence, whereas if it is treated as a *de novo* determination by the trial court as to whether plaintiff exercised reasonable diligence, then the trial court makes factual findings based upon its discretion, which will not be disturbed on appeal absent an abuse of that discretion. This Court finds that under Georgia law it should not convert Plaintiff's motion to a motion for summary judgment but must decide the issue *de novo. See e.g., Starr v. Wimbush,* 201 Ga. App. 280, 281, 410 S.E.2d 776, 778 (1991) (noting that trial court relied on evidence outside the pleadings in deciding whether to grant motion to dismiss based on laches); *Forsyth v. Brazil,* 169 Ga. App. 438, 438, 313 S.E.2d 138, 139-40 (1984) (same); *Webb v. Murphy,* 142 Ga. App. 649, 649-50, 236 S.E.2d 840, 841 (1977) (same). The foundation for this principle has deep roots in Georgia law. *See Allen v. Mut. Loan & Banking Co.,* 86 Ga. 74, 74, 12 S.E. 265, 266 (1890) (finding that the trial court "had a right to hear the testimony produced by the plaintiff in the court below; and, if he was satisfied that the plaintiff had used due diligence to ascertain whether the declaration and process had been served, he then had a right to order the service to be perfected as was done. The granting of such a motion is largely in the discretion of the court.").

his process server of choice was not appointed to serve process in Muscogee County, Plaintiff's counsel promptly acted to have the process server properly appointed. After that appointment was made, the Complaint was promptly served upon the Defendant.

Plaintiff's counsel has dodged the proverbial dismissal bullet in this case. Any anxiety associated with the potential dismissal of the Complaint could have been avoided entirely by simply ascertaining initially whether counsel's process server was properly appointed to serve process in the jurisdiction where the Complaint was filed. The Court advises Plaintiff's counsel that if he intends to continue to practice in jurisdictions beyond his home office, he would be wise to make sure he understands the challenges associated with such long distance litigation. Counsel would also be wise not to rely upon the U.S. mail when time is of the essence. Nevertheless, under the present record, the Court finds that Plaintiff's counsel did just enough to carry his burden of demonstrating reasonable diligence, and thus, Defendant's Motion to Dismiss is denied.

CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 2) is denied.

IT IS SO ORDERED, this 29th day of December, 2010.


S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE